UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SAABIR ABDULLAH, a/k/a/ )
IMAM-SAABIR ABDULLAH(T.D.A), )
a/k/a BOBBY LEE WEBBER, JR., )
 )
        Plaintiff, )   Case No. 1:16-cv-1290
 )
v. )   Honorable Paul L. Maloney
 )
UNITED STATES, et al., )   **REPORT AND RECOMMENDATION**
 )
        Defendants. )
 )

This is one out of a series of civil actions brought *pro se* by Saabir Abdullah.[1] Plaintiff's complaint is labeled as a "Writ of Mandamus."[2] (ECF No. 1, PageID.1). Plaintiff named all of the following as defendants: United States of America, President Barack Obama, State of Michigan, United States Attorney General Eric Holder, Loretta Lynch of the United States Justice Department, Michigan's Governor Rick Snyder, Michigan's Attorney General Bill Scheutte, Michigan's Secretary of State Ruth Johnson, Kent County Court House, Public Servant Shared Computers, 61st District Court Administrator Gary Secor, 61st District Court Magistrate Christina Elmore,

---

[1]Plaintiff is proceeding *pro se* and is limited to representing himself on his own claims. *See* 28 U.S.C. § 1654; *see also Belser v. Woods*, No. 2:16-cv-134, 2016 WL 6975936, at *5 (W.D. Mich. Nov. 29, 2016) (collecting cases); *Bey v. Meacham*, No. 4:16-cv-744, 2016 WL 1704358, at * 2 (N.D. Ohio Apr. 27, 2016) (same). All plaintiff's allegations purporting to act as a representative of others are disregarded.

[2]"There is one form of action – the civil action." FED. R. CIV. P. 2. "A civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. Other labels that plaintiff placed on his complaint are inconsequential.

Attorney Vanita Gupta, Grand Rapids City Administration, Public Servant Claims Shared Computers, Grand Rapids City Police Department, Chief of Police David Rahinsky, Deputy police Chief David Kiddle, Internal Affairs Lieutenant Mark Ostapowicz, Kent County Correctional Facility, Sheriff Lawrence Stelma, Under Sheriff Michelle Young, Chief Deputy Kevin Kelley, Administrative Services, Managing Director Mari Jelks, City Manager Greg Sundstrom, City Treasurer John Globensky, Downtown Grand Rapids, Inc., and its President and CEO Kris Larson. (Complaint at 1, ECF No. 1, PageID.1). Plaintiff invokes the Treaty of Peace and Friendship of 1836 between Morocco and the United States (ECF No. 1, PageID.2; ECF No. 1-3, PageID.8, 11; ECF No. 1-7, PageID.24) and the United Nations Declaration of Human Rights (ECF No. 1-3, PageID.10). Plaintiff seeks an order from this Court compelling Magistrate Michael Distel to enforce a purported "default judgment." (*Id.* at PageID.2; ECF No. 1-7, PageID.26). He asks that all orders and actions associated with Case No. 16-08562-FH be dismissed, abated, and expunged. (ECF No. 1-7, PageID.27). Further, he asks the Court to enforce the "Divine Constitution and By-Laws of the Moorish Science Temple of America." (ECF No. 1-7, PageID.24, 25). Plaintiff seeks an award of damages. (ECF No. 1-7, PageID.27).

The Court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. (ECF No. 4). Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any action brought *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.

28 U.S.C. § 1915(e)(2); *see Davis-Bey v. Michigan*, No. 14-12167, 2014 WL 2746086, at *1 (E.D. Mich. June 17, 2014). For the reasons set forth herein, I recommend that plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted and that he be denied the privilege of proceeding *in forma pauperis* in any future lawsuit that he files in this Court.

## Discussion

### I. Factual Allegations

Plaintiff states that he is an "Aboriginal Indigenous Moorish-American" and an "Aboriginal Indigenous Moorish-National." (ECF No. 1, PageID.2; ECF No. 1-3, PageID.8). Plaintiff alleges that Magistrate Michael Distal advised plaintiff that his request for discovery in small claims court did not have to be honored. Plaintiff submitted a "Notice of Default Judgment" and his request "was not honored." Plaintiff received notice from the 61st District Court that his request had been denied. (ECF No. 1, PageID.2). The remainder of plaintiff's complaint is argument.

### II. Jurisdiction

This Court does not possess direct oversight powers over Michigan's courts. *See In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The recourse available to plaintiff in response to an adverse decision of a state court was to pursue an appeal through Michigan's courts, and if necessary, an application to the United States Supreme Court for a writ of certiorari. To the extend that plaintiff is claiming damages stemming from the state court's decision, such claims are barred. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Plaintiff asks the Court to enforce what he describes as the "Divine Constitution and By-Laws of the Moorish Science Temple of America." "While these documents may be of great personal importance to the [p]laintiff, they are not recognized by federal courts as binding legal authority." *Bey v. Ohio*, No. 1:11-cv-1306, 2011 WL 4944396, at * 2 (N.D. Ohio Oct. 17, 2011) (citing *Asim El v. Riverside Maint. Corp.*, No. 95 Civ. 1204, 1998 WL 205304, at *2 (S.D.N.Y. Apr. 27, 1998) and *Bey v. Philadelphia Passport Agency-M*, No. 86-4906, 1986 WL 559, at *2 (E.D. Pa. Dec. 30, 1986)). "Article III of the United States Constitution provides this Court with federal question jurisdiction to hear claims that arise under the United States Constitution or the laws or treaties of the United States. The [] Constitution and the by-laws of the Moorish Science Temple do not fall within these parameters." *Bey v. Ohio*, 2011 WL 4944396, at *2. In any event, the sovereign citizen and other frivolous theories espoused by plaintiff have been repeatedly rejected by the federal courts and constitute a waste of court resources. *See e.g.*, *Muhammad v. Michigan Dep't of Corr.*, No. 1:17-cv-68, 2017 WL 743943, at *3 (W.D. Mich. Feb. 27, 2017); *Baird v. Ammiyhuwd*, No. 1:16-cv-1152, 2017 WL 430772, at *2-3 (S.D. Ohio Jan. 31, 2017); *Christian v. 43rd District Court*, No. 2:16-cv-10788, 2016 WL 7324686, at *3-4 (E.D. Mich. Dec. 16, 2016); *Bey v. Meacham*, 2016 WL 1704358, at *2; *Payne v. Klida*, No. 15-cv-14127, 2016 WL 491847, at *2-3 (E.D. Mich. Jan. 6, 2016); *Mallory v. Obama*, No. 1:15-cv-1090, 2015 WL 7722034, at * 2 (W.D. Mich. Nov. 30, 2015); *Bey v. Butzbaugh*, No. 1:13-cv-1173, 2014 WL 5149931, at * 4 (W.D. Mich. Oct. 14, 2014).

### III. Sovereign Immunity

Plaintiff named the United States and the State of Michigan as defendants. I find that all plaintiff's claims against the United States and the State of Michigan are barred by sovereign immunity. *See Morris v. United States*, 540 F. App'x 477, 483 (6th Cir. 2013); *Abdullah v. Quist*, No. 1:17-cv-24, 2017 WL 762402, at * 2 (W.D. Mich. Feb. 28, 2017).

### IV. Failure to State a Claim

A complaint that fails to allege " 'enough facts to state a claim to relief that is plausible on its face' " must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.,* 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]' " *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's factual

allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that the Court dismiss plaintiff's complaint for failure to state a claim.

Plaintiff has failed to plead facts sufficient to state a claim on which relief can be granted against any defendant. Conclusory allegations and legal conclusions masquerading as factual allegations are insufficient to sustain a claim. *See In re Omnicare, Inc Sec. Litig.*, 769 F.3d 455, 469 (6th Cir. 2014). In addition the treaty and United Nations convention invoked by plaintiff do not create any private cause of action. *See Bey v. Butzbaugh*, 2014 WL 5149931, at *5; *Umbarger v. Michigan*, No. 1:12-cv-603, 2013 WL 5538766, at *4 (W.D. Mich. Oct. 8, 2013); *Bey v. Ohio*, No. 1:11-cv-1306, 2011 WL 4944396, at *3 (N.D. Ohio Oct. 17, 2011); *accord Aslani v. Lewis*, No. 1:08-cv-298, 2011 WL 13074041, at *3 (W.D. Mich. Jan. 10, 2011).

## V.  Sanctions

Proceeding *in forma pauperis* is a privilege and not a right. *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *see also Glick v. Townsend*, 15-35587, __ F. App'x __, 2017 WL 393738, at *1 (9th Cir. Jan. 30, 2017); *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) ("Leave to proceed without prepayment of fees and costs is a privilege, not a right" and courts have discretion to revoke that privilege when it no longer serves its goals). It is well established that federal courts have inherent powers to impose appropriate sanctions to deter future frivolous lawsuits and/or relitigation of the same lawsuit and frivolous and vexatious litigation. *See Cauthon v. Rogers*, 116

F.3d 1334, 1337 (10th Cir. 1997); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 1995 WL 111480, at *3 (6th Cir. Mar. 15, 1995).

Every paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. *See Day v. Day*, 510 U.S. 1, 5 (1993). A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. *See In re McDonald*, 489 U.S. 180, 184 (1989); *see also In re Sindram*, 498 U.S. 177, 179-80 (1991) ( "The goal of fairly dispensing justice ... is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous [claims]."). " 'Frivolous, vexatious, and repeated filings by *pro se* litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit....' " *Ohio v. Ealy*, Nos. 1:09-cv-245, 1:09-cv-246, 2009 WL 1118704, at *1 (S.D. Ohio Apr. 24, 2009) (quoting *United States v. Circuit Court for Taylor County*, 73 F.3d 669, 671 (7th Cir. 1995)). "It is well-settled that a plaintiff's *pro se* status does not give him a license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 900 (5th Cir. 2009).

Federal district courts necessarily have considerable discretion in drafting orders restricting a litigious party's access to courts. *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002) (given the plaintiff's "near obsession regarding his former employer, injunctive means [was] the only means that offer[ed] any chance of preventing further harassment"); *Martin-Trigona v. Shaw*, 986 F.2d

1384, 1387 (11th Cir. 1993); *see also Haddad v. Mich. Nat'l Bank*, No. 1:09-cv-1023, 2010 WL 2384535, at *2 (W.D. Mich. June 10, 2010) (listing a "variety of sanctions" federal courts have imposed to curb abusive lawsuits). Both the Supreme Court and the Sixth Circuit have reaffirmed the district court's inherent authority to take action to prevent abuse of the judicial system. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991); *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997); *accord First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002). A prerequisite to the exercise of such power is a finding that a litigant has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *See Big Yank*, 125 F.3d at 313; *see also Youn v. Track, Inc.*, 324 F.3d 409, 421 (6th Cir. 2003). The concept of bad faith is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A claim is brought in bad faith if it is frivolous. *Id.*; *see Nabkey v. Gibson*, 923 F. Supp. 117, 122 (W.D. Mich. 1990).

Objectively, the present lawsuit was filed vexatiously and in bad faith. Plaintiff persists in filing patently meritless lawsuits. *See e.g.*, *Abdullah v. Dep't of Human Servs., et al.*, 1:16-cv-1056 (W.D. Mich. Oct. 14, 2016) (plaintiff's claims dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief could be granted against the Department of Human Services, Grand Rapids Police Department, Brian Groom, S. Partner, Kent County Correctional Facility, Accountants, Court Services, Friend of the Court, 17th Judicial Court Judge and Prosecutor); *Abdullah v. Heffron, et al.*, 1:16-cv-1122 (W.D. Mich. Sept. 23, 2016) (plaintiff's claims against William Heffron, Islamic Center, and Deputy Sheriff Ed Kolakowski were

dismissed pursuant to 28 U.S.C. § 1915(e)(2) because, at best, the complaint failed to state a claim upon which relief could be granted and, at worst, it was patently frivolous); *Abdullah v. Unknown Delage, et al.*, 1:16-cv-1123 (W.D. Mich. Oct 25, 2016) (plaintiff's claims against Unknown Delage and others dismissed for failure to state a claim and certification under 28 U.S.C. § 1915(a)(3) that an appeal of the decision would not be taken in good faith); *Abdullah v. Lake, et al.*, 1:16-cv-1294 (W.D. Mich Dec. 7, 2016) (dismissing plaintiff's claims against the City of Grand Rapids, Grand Rapids Police Chief, Deputy Chief Daniel Savage, Deputy Chief David Kiddle, Lieutenant Mark Ostapowicz, Officer Donald Lake, Grand Rapids City Manager, Grand Rapids Administrative Services' Managing Director, Michigan Secretary of State, Michigan Attorney General, and United States Attorney General for failure to state a claim on which relief could be granted); *Abdullah v. Quist, et al.*, 1:17-cv-24 (W.D. Mich. 2017) (dismissing plaintiff's claims because Kent County Circuit Court Judge Jay Quist was entitled to judicial immunity, the Michigan Department of Corrections was entitled to sovereign immunity, failed to state a claim upon which could be granted against Kent County and certifying under 28 U.S.C. § 1915(a)(3) that an appeal of the decision would not be taken in good faith).

The Court's exercise of its inherent powers cannot completely foreclose a litigant from access to the court. *See Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996). However, the right of access to courts is neither absolute or unconditional, and there is no right of access to the courts to prosecute an action that is frivolous and malicious. *See Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989); *Lawrence v. Bevin,* No. 1:16-

cv-P161, 2017 WL 1103616, at *3 (W.D. Ky. Mar. 24, 2017); *Reid v. Mabus*, No. 1:15-cv-2054, 2015 WL 7430078, at *2 (N.D. Ohio Nov. 18, 2015).

Plaintiff's history of frivolous litigation in this Court requires a meaningful deterrent.³ Where, as here, a litigant has a clear pattern of abusing the privilege of proceeding *in forma pauperis*, the Court may deny him the privilege of initiating any further actions *in forma pauperis*. *See Martin v. Dist. of Columbia Ct. of App.*, 506 U.S. 1, 3 (1992) (*per curiam*); *see also LeBlanc v. Lightvoet,* 136 S. Ct. 1191 (2016); *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992); *Weber v. Lousiville Metro. Police Dep't*, No. 3:16-cv-779, 2017 WL 1293019, at *2-3 (W.D. Ky. Apr. 5, 2017); *LaMie v. Smith*, No. 1:12-cv-1299, 2014 WL 1686145, at *21-22 (W.D. Mich. Apr. 29, 2014).

---

³Requiring Court review of any proposed future filings by plaintiff would likely result in waste of scarce judicial resources. *See Sassower v. American Bar Ass'n*, 33 F.3d 733, 736 (7th Cir. 1994).

**Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted   I recommend that plaintiff be denied the privilege of proceeding *in forma pauperis* in any future lawsuits that he files in this Court.  I recommend that if this report and recommendation is adopted and if plaintiff pursues an appeal of the judgment dismissing this lawsuit, plaintiff should be required to pay the full appellate filing fee because there is no good faith basis for an appeal.  28 U.S.C. § 1915(a)(3).


Dated:   May 17, 2017                        /s/  Phillip J. Green
                                                          United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).